IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS RAY RIGSBY, JR.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 22-287-RAW-JAR ) |
| **FNU BURKHULTER, et al.,** | ) ) |
| Defendants, | ) |

**OPINION AND ORDER
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff Dennis Ray Rigsby, Jr., a state prisoner appearing pro se and seeking to bring a civil rights action, has filed a motion for leave to proceed *in forma pauperis* and supporting documentation, in conformance with 28 U.S.C. § 1915(a) (Dkt. 2). A review of his litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "strikes" pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Rigsby v. Great State of Arkansas*, Case No. CIV-21-760-R, 2021 WL 4450009 (W.D. Okla. Sept. 28, 2021), the district court imposed a "strike" upon dismissal of Plaintiff's action pursuant to *Heck v. Humphrey* and the Eleventh Amendment, and for

failure to state a claim upon which relief can be granted. The Tenth Circuit Court of Appeals affirmed in Case No. 21-6132, 2022 WL 782659 (10th Cir. Mar. 15, 2022), finding that Plaintiff had accumulated at least three strikes and that "[a]s a result, going forward, Rigsby will not be permitted to proceed in any civil action or appeal without prepaying the filing fee unless he is under imminent danger of serious physical injury." *Id.*, 2022 WL 782659, at *3. The Tenth Circuit cited the following four cases as instances of prior strikes by Plaintiff:

> *Rigsby v. Marler*, No. CIV-21-316-G, 2021 WL 4787281 (W.D. Okla. Sept. 17, 2021) (dismissing action for failure to state a claim and Eleventh Amendment immunity), *appeal dismissed for lack of prosecution*, No. 21-6124, 2022 WL 1087013 (10th Cir. Feb. 8, 2022).
>
> *Rigsby v. City of Chicago*, No. CIV-21-666-R, 2021 WL 4302406 (W.D. Okla. Sept. 21, 2021) (dismissing action as barred by statute of limitations and Eleventh Amendment immunity), *appeal dismissed for lack of prosecution*, No. 21-6125, 2022 WL 1087015 (10th Cir. Feb. 8, 2022).
>
> *Rigsby v. Smith*, No. CIV-21-834-R, 2021 WL 4303769 (W.D. Okla. Sept. 21, 2021) (dismissing action on *Heck v. Humphrey* grounds and for failure to state a claim), *appeal dismissed for lack of prosecution*, No. 21-6131 (10th Cir. Feb. 8, 2022).
>
> *Rigsby v. Custer County, Oklahoma*, No. CIV-21-667-R, 2021 WL 4317152 (W.D. Okla. Sept. 22, 2021) (dismissing action based on the *Younger* doctrine, Eleventh Amendment immunity, and for failure to state a claim), *appeal dismissed for lack of prosecution*, No. 21-6130 (10th Cir. Feb. 8, 2022).

*Rigsby v. Great State of Arkansas*, No. 21-6132, 2021 WL 782659, at *3.

In addition, this Court has located the following cases filed by Plaintiff that constitute "strikes" under 28 U.S.C. § 1915(g):

> *Rigsby v. Advanced Corr. Med.*, No. CIV-21-573-R, 2021 WL 4301492 (W.D. Okla. Sept. 21, 2021) (dismissed for failure to state a claim upon which relief

can be granted).

*Rigsby v. Great State of Oklahoma*, No. CIV-21-575-R, 2021 WL 4301494 (W.D. Okla. Sept. 21, 2021) (dismissed for failure to state a claim and pursuant to Eleventh Amendment immunity).

*Rigsby v. Custer County*, No. CIV-21-576-R, 2021 WL 4301495 (W.D. Okla. Sept. 21, 2021) (denied based on the *Younger* abstention doctrine and for lack of jurisdiction), *appeal dismissed for lack of prosecution*, No. 21-6126, 2022 WL 1087014 (10th Cir. Feb. 8, 2022).

*Rigsby v. City of Chicago*, No. CIV-21-666-R, 2021 WL 4302406 (W.D. Okla. Sept. 21, 2021) (dismissed as barred by the statute of limitations and pursuant to the Eleventh Amendment), *appeal dismissed for lack of prosecution*, No. 21-6126, 2022 WL 1087015 (Feb. 8, 2022).

*Rigsby v. Custer County, Oklahoma*, No. CIV 21-667-R, 2021 WL 4317152 (W.D. Okla. Sept. 22, 2021) (dismissed pursuant to the *Younger* abstention doctrine, Eleventh Amendment immunity, and for failure to state a claim upon which relief may be granted), *appeal dismissed for lack of prosecution*, No. 21-6130 (10th Cir. Feb. 8, 2022).

*Rigsby v. Hope Cmty. Serv., Inc.*, No. CIV-21-916-R, 2021 WL 4430866 (W.D. Okla. Sept. 27, 2021) (dismissed because the defendants were not state actors).

Plaintiff names five defendants in his complaint: FNU Burkhulter, Nurse Practitioner; FNU Brewer, Nurse Practitioner; CoreCivic, Inc.; the Oklahoma Bar Association; and the United States Department of Justice. (Dkt. 1 at 3-4). He raises the following claims:

> **Claim 1:** (December 2021 to current date). Right to Medical help, Amendment 1 to assemble. Plaintiff has been trying to get medical help for symptoms (Blury vision vision, numb left arm/lips and face, Prusher on back of head/eye balls up the back of neck, cognative issues of thinking/memory issues, a over-whelming feeling like i am going to die.) . . . "many" Oklahoma Department of Corrections Request for Health services and Request to Staff where plaintiff cant get sent to a Specialist doctor for the test needed M.R.I/cat scain? Plaintiff has only been treated for symptoms not tested to get a

> diagnosised to findout if it can be fixed? . . .? . . .

Dkt. 1 at 5-6.

> **Claim 2:** (July 9, 2022 to current date). Amendment 1 right to assemble . . . On 7-9-2022 . . . Plaintiff put in a request to staff to Law Library to get my Amendment 1 right to assemble "we the People" via social media video/audio . . . recordings to show we the people whats taking place.

*Id.* at 5.

> **Claim 3:** (2003 to 2022). In 2003 . . . Plaintiff was charged in Oklahoma County CF-2003-2075 with two after former convictions where public defender of the two After former convictions violated my Amendment VI right to counsel by telling me that if i sign for a plea agreement (not a right to do so in the United States constitution) that in 6 months "it will be all over with." Public defender Parker in Boone county Arkansas lied to me because in Oklahoma County CF-2003-2175 it was not over with because it was "twice" used to punish me.

*Id.* at 47-48.

> **Claim 4:** (2021 to current). vs. united states department of justice. . . . Due to the wrong use of Amendment 11 imunity by magistrates of the western district and the Eastern district of Oklahoma the lies to give me "strikes" of the lie that plaintiff did not state a claim . . . that relief can be granted.

*Id.* at 47. (Spelling and syntax in original of each claim).

The Court has carefully reviewed the record and construes Plaintiff's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). He does not claim he is in imminent danger of serious physical injury, which is required to overcome the restrictions of 28 U.S.C. § 1915(g).

Although Plaintiff complains in Claim 1 that he suffers from numerous medical problems, he admits he was interviewed by video by Defendant Burkhulter, a nurse

4

practitioner, and she ordered an x-ray. Burkhulter allegedly said she would order a test to determine whether he would have a seizure, however, Plaintiff contends it never happened. He claims he has only been prescribed naproxen which treats his symptoms, but he wants a proper diagnosis and treatment. He also complains that he should not have to file grievances and civil rights complaints to receive medical care. (Dkt. 1 at 6-7).

Attached to the complaint is an x-ray report dated July 13, 2022 that states:

> X-ray(s) of your Lumbar Spine shows continued stable Degenerative Disc disease mostly at L4/L5 & L5/S1; There appears to be mild scoliosis with the lower Apex at L2; A metallic Foreign body is present (appears like a BB) at the L5/S1 which has been present at least since Nov. of 2018; Suggest the following concerns: Chronic Disc problems and mild Scoliosis respond the best to frequent gentle stretching and light exercise.

Dkt. 1 at 8.

Plaintiff has written on the x-ray report that he "suffers, cant walk good when sleep on it wrong or shift it wrong, a Amendment VIII violation." He further contends he has received these x-ray results many times, but he never has seen a specialist to test him for nerve damage. His symptoms allegedly include not being able to access his memory or to think. *Id.*

Plaintiff also has submitted a July 1, 2022, Request to Staff, asking to see a specialist to determine why he has blurry vision, headaches, memory issues, and numbness in his left arm, lips, and tongue. The response stated that during his June 29, 2022, he walked out of the exam before it was completed. Plaintiff had an upcoming optometry appointment related to his vision complaints. *Id.* at 9-10. In addition, Plaintiff submitted numerous Requests to

Staff and Requests for Health Services, complaining of an undiagnosed medical problem, and having to see a nurse practitioner instead of a doctor, and asking for an MRI and an appointment with a specialist. *Id*. at 12-33. He clearly has been seen by medical staff multiple times, but it was determined that a referral to a specialist was not warranted. *Id*. at 16, 23, 25. "The Eighth Amendment guarantees a prisoner treatment of his serious medical needs, not a doctor of his own choosing." *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985) (citing *Estelle v. Gamble,* 429 U.S. 97, 104-06 (1976), *cert. denied*, 474 U.S. 1076 (1986)). After careful review, the Court finds that Plaintiff has failed to demonstrate he is under imminent danger of serious physical injury pursuant to § 1915(g).

**ACCORDINGLY,** Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is DENIED. Plaintiff is directed to forward the **$350.00** filing fee and the **$52.00** administrative fee, pursuant to 28 U.S.C. § 1914 and the District Court Fee Schedule, to the Court Clerk within twenty (20) days. The agency having custody of Plaintiff is ordered to release funds from his accounts, including Plaintiff's trust account, for payment of the filing fee. The Court Clerk is directed to sent a copy of this Opinion and Order to the trust fund officer at Plaintiff's facility.

**IT IS SO ORDERED** this 24th day of October 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma